# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HENRY L. MCCONE,**

     **Plaintiff,**

**v.**              **Case No:  6:19-cv-883-Orl-41GJK**

**JANET C. THORPE, individually and in
her official capacities,**

     **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT, THE HONORABLE JANET C. THORPE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND MEMORANDUM OF LAW (Doc. No. 6)** |
| **FILED:** | **May 31, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND.

On May 9, 2019, Plaintiff filed a Complaint for Declaratory Judgment and Injunctive Relief against Defendant Janet C. Thorpe ("Judge Thorpe").  Doc. No. 1.  Plaintiff alleges causes of action against Judge Thorpe for violation of his right of access to the courts and due process in violation of 42 U.S.C. § 1983, and his First, Fifth, and Fourteenth Amendment rights and Article 1 of the Florida Constitution.  Doc. No. 1 at 13-16.  Plaintiff alleges that Judge Thorpe improperly granted a meritless motion to stay pending appeal filed by his employer, who was the defendant in a state court civil action filed by Plaintiff.  Doc. No. 1 at 2, 8-9, 14-15.  Plaintiff alleges Judge

Thorpe was "motivated by evil motive and intent" and her actions were "committed with reckless and callous indifference to Plaintiff's state and federally protected rights."  Doc. No. 1 at 16.

Plaintiff alleges that at the hearing on his employer's motion to stay pending appeal Judge Thorpe acted as attorney for Plaintiff's employer because she "provided the responses and rebuttals to McCone's arguments in opposition to granting the stay."  Doc. No. 1 at 9.   Plaintiff sought certiorari review of Judge Thorpe's order granting the motion for stay in the Fifth District Court of Appeal for the State of Florida.  Doc. No. 1 at 10.  The Fifth District dismissed Plaintiff's Petition for Writ of Certiorari without prejudice.  Doc. No. 1 at 11.  Plaintiff filed a motion to lift the stay, and subsequently sought certiorari review of Judge Thorpe's denial of that motion as well. Doc. No. 1 at 11.  The Fifth District denied his petition for certiorari review.  Doc. No. 1 at 11. The case was later reassigned to a different trial judge who granted Plaintiff's second motion to lift or vacate the stay.  Doc. No. 1 at 12.  Plaintiff alleges he has lost access to two witnesses during the three years the case was stayed and has suffered emotional distress and irreparable harm due to the stay that was imposed.   Doc. No. 1 at 13.

On May 31, 2019, Judge Thorpe filed a motion to dismiss the Complaint with prejudice (the "Motion").  Doc. No. 6.  Judge Thorpe argues that the Complaint is barred by judicial, qualified, and Eleventh Amendment immunity as well as the *Rooker-Feldman* and *Younger* doctrines.  Doc. No. 6 at 2.  Alternatively, Judge Thorpe argues that the Complaint fails to state a claim for relief because Plaintiff fails to demonstrate that he has no adequate state remedies and because he fails to satisfy the pleading requirements for declaratory relief.  Doc. No. 6 at 11-12. On June 19, 2019, Plaintiff filed an opposition to the Motion (the "Response").  In his Response, Plaintiff argues that Judge Thorpe converted the Motion to a motion for summary judgment when she attached a copy of the state court docket to the Motion and he is entitled to discovery before

this Court considers the Motion.  Doc. No. 12 at 3.  Plaintiff also argues that Judge Thorpe's claim of immunity is meritless.  Doc. No. 12 at 3.

## II.     STANDARD OF REVIEW.

"When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Specifically, the factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570).  This cannot be achieved through mere legal conclusions or recitation of the elements of a claim. *Id*. (citing *Twombly*, 550 U.S. at 555).  Instead, to state a plausible claim for relief, the plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If the plaintiff fails to meet this pleading standard, then the complaint will be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] The fact that Plaintiff is proceeding *pro se* does not materially alter the Court's standard of review. "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citation omitted). In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

### III.     ANALYSIS.

The Complaint, even when liberally construed, does not state a cause of action upon which relief may be granted against Judge Thorpe.  Plaintiff complains about Judge Thorpe's actions in presiding over Plaintiff's pending civil case.  Doc. No. 1.  "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).  "Absolute judicial immunity 'applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Williams v. Alabama*, 425 F. App'x 824, 825 (11th Cir. 2011) (quoting *Bolin*, 225 F.3d at 1239).  In *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005), the Eleventh Circuit explained:

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

 "[T]he district court may dismiss a claim based on absolute judicial immunity if it represents an 'obvious bar' based on the allegations in the complaint." *Williams*, 425 F. App'x at 825.

Based on the allegations in the Complaint, the acts complained of constitute normal judicial functions in cases pending before a judge. Doc. No. 1.  Plaintiff takes issue with Judge Thorpe's conduct during a hearing on a motion for stay pending appeal, her decision to grant the motion for stay, and her decision to deny Plaintiff's subsequent motion to lift the stay.  Doc. No. 1.  The state appellate court twice denied Plaintiff's request for certiorari review of those decisions and the case remains pending.   In this instance, absolute judicial immunity operates as an obvious bar to

Plaintiff's allegations.[2]   Plaintiff's claims against Judge Thorpe are due to be dismissed with prejudice.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 6) be **GRANTED** based on absolute judicial immunity and the Complaint be **DISMISSED with prejudice.**

**A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.**

Recommended in Orlando, Florida on June 25, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Plaintiff's claims against Judge Thorpe are also subject to dismissal under the *Rooker-Feldman* and the *Younger* abstention doctrines.  *See Rooker v. Fid. Tr. Co*., 263 U.S. 413, 415-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983); *Younger v. Harris*, 401 U.S. 37, 43 (1971). Plaintiff is challenging the Florida state courts' decisions based on orders issue by the state courts in the trial court and on appeal. Doc. Nos. 1, 6.  Such a suit is not cognizable in federal court. "The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Bey v. Ninth Judicial Circuit*, No. 6:11-cv-510-18DAB, 2011 WL 1791284, at *2.  Alternatively, to the extent Plaintiff is seeking review of the orders of the state court in a proceeding that remains pending, the *Younger* abstention doctrine forbids this Court from exercising jurisdiction over the claims.  *Younger*, 401 U.S. at 43 (The abstention doctrine is premised upon a fundamental "public policy against federal court interference with state court proceedings."").  Accordingly, regardless of the nature of the claims Plaintiff has brought or may bring, because Plaintiff is challenging the orders and judgments of a state court proceeding, this Court lacks jurisdiction over the claims.