UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HENRY L. MCCONE,**

   **Plaintiff,**

v.                 Case No:  6:19-cv-883-Orl-41GJK

**JANET C. THORPE,**

   **Defendant.**

                /

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss ("Motion," Doc. 6), to which Plaintiff filed a Response in Opposition (Doc. 12). United States Magistrate Judge Gregory J. Kelly issued a Report and Recommendation ("R&R," Doc. 13) in which he recommends granting the Motion "based on absolute judicial immunity." (*Id.* at 5). Plaintiff filed Objections to the R&R ("Objections," Doc. 14). For the reasons set forth herein, the Motion will be granted.

**I.  LEGAL STANDARD**

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. OBJECTIONS

The underlying facts of this action, as alleged in Plaintiff's Complaint (Doc. 1), are set forth in Judge Kelly's R&R. (Doc. 13 at 1–3). Plaintiff has not objected to those facts, so the Court need not repeat them here. (*See generally* Doc. 14). Plaintiff objects to Judge Kelly's legal conclusions in the R&R regarding judicial immunity, the *Rooker-Feldman* doctrine, and *Younger* abstention. (*Id.* at 1–6). In his Objections, Plaintiff also appears to argue the merits of his case here before this Court and his underlying case in state Court. (*Id.* at 6-12). This Court has conducted a *de novo* review and will address each of Plaintiff's objections.

### A. Judicial Immunity

"[A] district court may dismiss a claim based on absolute judicial immunity if it represents an 'obvious bar' based on the allegations in the complaint." *Williams v. Alabama*, 425 F. App'x 824, 825 (11th Cir. 2011).[1] Judge Kelly found that "the acts complained of [in the Complaint] constitute normal judicial functions in cases pending before a judge," and therefore "absolute judicial immunity operates as an obvious bar to Plaintiff's allegations." (Doc. 13 at 4–5). Plaintiff objects to this legal conclusion, arguing that the R&R fails to address whether prospective relief, as opposed to retrospective relief, is specifically barred by judicial immunity. Plaintiff argues that judicial immunity does not bar requests for prospective relief.

---

[1] Plaintiff notes in his Objections that *Williams* "is an unpublished opinion . . . that is quoting the inapplicable and unpersuasive [case of] *Bolin v. Story*." (Doc. 14 at 3). The Court finds this statement perplexing for two reasons. First, just above this statement, Plaintiff block quotes *Bolin* at length in support of his argument regarding judicial immunity. It is odd that Plaintiff in one paragraph relies on *Bolin* and in the very next paragraph calls it "inapplicable and unpersuasive." (*Id.*). Second, after attempting to discredit *Bolin* because it is an unpublished opinion, Plaintiff then cites a different *unpublished* opinion. (*Id.*). Nevertheless, unpublished opinions of the Eleventh Circuit, while not binding on this Court, are highly persuasive. 11th Cir. R. 36-2. Thus, the Court finds no error in Judge Kelly quoting *Williams*, as the Court does here.

Plaintiff is correct that the R&R does not specifically address the applicability of judicial immunity to a request for prospective relief. "[T]he doctrine of judicial immunity must be considered amongst a backdrop of the relief requested by Plaintiff." *Taveras v. Schreiber*, No. 6:19-cv-1394-Orl-41EJK, 2019 U.S. Dist. LEXIS 210527, at *7 (M.D. Fla. Dec. 6, 2019) (analyzing the applicability of judicial immunity to requests for damages, injunctive relief, and declaratory relief and recognizing a distinction between retrospective and prospective relief). Therefore, the Court will look at what types of relief Plaintiff is seeking in his Complaint—damages, declaratory, or injunctive—and whether that relief seeks remedy for alleged past injury or potential future injury—retrospective or prospective—in order to determine whether judicial immunity applies here.

Upon reviewing the Complaint, Plaintiff seeks both declaratory and injunctive relief and does not seek damages. (Doc. 1 at 16–17). The declaratory relief Plaintiff is requesting is retrospective in nature, applying only to alleged past acts of Defendant Janet C. Thorpe ("Judge Thorpe"). (*Id.* at 16). However, the injunctive relief Plaintiff is requesting is prospective, asking this Court to "[i]ssue an injunction" directing Judge Thorpe to stop certain alleged actions and to "develop policies and procedures" to prevent future alleged violations of the same type. (*Id.* at 17). Thus, Plaintiff's objection regarding the applicability of judicial immunity to prospective relief only applies to his request for prospective injunctive relief and not to his requests for retrospective declaratory relief. Thus, to the extent that Plaintiff cites legal authority regarding the applicability of judicial immunity to declaratory relief, the Court finds that authority to be irrelevant to

Plaintiff's objection.[2] The Court will now address specifically whether judicial immunity applies to the prospective injunctive relief that Plaintiff seeks in his Complaint.

At one time the United States Supreme Court held that judicial immunity was not a bar to demands for prospective injunctive relief against state court judges. *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984). But that is no longer the law. Congress abrogated *Pulliam* "in 1996 [when it] enacted the Federal Courts Improvement Act, . . . in which it amended § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). Therefore, for injunctive relief to be available, the Court must ask whether Judge Thorpe violated a declaratory decree or whether declaratory relief was unavailable to Plaintiff. Judge Thorpe is not alleged to have violated a declaratory degree nor has Plaintiff alleged that declaratory relief is unavailable to him. "As Plaintiff has failed to plead the existence of either of [the statutory] exceptions [allowing for injunctive relief in the face of judicial immunity], the Complaint is subject to dismissal to the extent it seeks injunctive relief." *Pullins v. Haggins*, No. 3:12-cv-987-J-99MMH-MCR, 2012 U.S. Dist. LEXIS 159692, at *11–12 (M.D. Fla. Sep. 12, 2012).

---

[2] As set forth in the R&R, "[a] party's failure to file written objections to the proposed findings and recommendations contained in [the R&R] . . . waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." (Doc. 13 at 5); *Greene v. Ala. Dep't of Pub. Health*, 715 F. App'x 916, 918 (11th Cir. 2017) (citing 11th Cir. R. 3-1). Nonetheless, to the extent that declaratory relief may hypothetically not be barred by judicial immunity, such relief is still unavailable to Plaintiff here. As discussed below, "[i]n order to receive declaratory or injunctive relief, [a] plaintiff[] must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Bolin*, 225 F.3d at 1242. (citing *Newman v. Alabama*, 683 F.2d 1312 (11th Cir.1982)). Plaintiff has an adequate remedy at law. Accordingly, declaratory relief is unavailable to Plaintiff.

Nor does it appear that Plaintiff could allege these things. "In order to receive declaratory or injunctive relief, [a] plaintiff[] must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005) (quoting *Bolin*, 225 F.3d at 1242). Plaintiff argues that he does not have an adequate remedy at law because the state court has not yet reached a decision on the merits of his underlying case and the state appellate courts have not addressed the merits of the stay issued in state court. However, Plaintiff's argument on this point is flawed. Just because Plaintiff has been as of yet unsuccessful in his underlying case and appeals does not equate to the *absence* of an adequate remedy at law. As in *Bolin* and *Sibley*, Plaintiff has an adequate remedy at law because he may still appeal his state court case. *Id.* at 1074; *Bolin*, 225 F.3d at 1242. Plaintiff may also seek an extraordinary writ in state court. *Bolin*, 225 F.3d at 1243. Thus, pursuant to the exceptions set forth in § 1983, injunctive relief is unavailable to Plaintiff until which point as he appeals his state court case, the appellate state court issues a declaratory decree, and Judge Thorpe violates that decree. Plaintiff's objection regarding prospective relief is therefore due to be overruled and the Complaint is subject to dismissal on the grounds of judicial immunity.

### B. Remaining Objections

Judge Kelly included a footnote in the R&R stating that Plaintiff's claims against Judge Thorpe are also subject to dismissal pursuant to the *Rooker-Feldman* doctrine and *Younger* abstention doctrine. (Doc. 13 at 5). Plaintiff objects to this conclusion on various grounds. (Doc. 14 at 4–6). As discussed above, the Court has determined that the Complaint is due to be dismissed on the basis of judicial immunity. Therefore, the Court need not adopt this portion of the R&R or rule on Plaintiff's objections thereon.

In his Objections, Plaintiff also appears to argue the merits of his case here and his underlying case in state court. (*Id.* at 6–12). However, Plaintiff's argument on this point misunderstands the basis upon which Judge Kelly recommended granting Judge Thorpe's Motion. Judge Kelly concluded that the Motion should be granted on the basis of judicial immunity. This Court agrees. Therefore, the merits of either case are irrelevant because judicial immunity bars such a suit.

### III. CONCLUSION

After a *de novo* review of the record, and considering all objections, this Court agrees in part with the analysis set forth in the R&R. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 13) is **ADOPTED** and **CONFIRMED** and is made a part of this Order, with the exception of footnote two in the R&R.
2. Defendant's Motion to Dismiss (Doc. 6) is **GRANTED**.
3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 25, 2020.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party